THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HECTOR HERRERA and<br>MARIA ELISA GONZALEZ,<br><br>  Plaintiffs,<br><br>v.<br><br>ASI LLOYDS and CARLA GREENE,<br><br>  Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:15-CV-3021 |

## **DEFENDANTS' NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441, Defendants ASI Lloyds and Carla Greene, hereby remove the action styled and numbered *Hector Herrera and Maria Elisa Gonzalez vs. ASI Lloyds and Carla Greene*, Cause No. DC-15-09466, pending in the 14th Judicial District Court in Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

### I.   INTRODUCTION

1.   Plaintiffs are Hector Herrera ("Herrera") and Maria Elisa Gonzalez ("Gonzalez") (collectively "Plaintiffs"). Defendants are ASI Lloyds ("ASI") and Carla Greene ("Greene") ("Defendants").

2.   On August 19, 2015, Plaintiffs filed suit against Defendants for alleged damages in the 14th Judicial District Court in Dallas County, Texas – Cause No. DC-15-09466.

3.   ASI was served with the petition and citation on August 27, 2015. Greene was served with the petition and citation on September 15, 2015. Accordingly, Defendants file this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

4. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this district.

## II.     BASIS FOR REMOVAL JURISDICTION

5. Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332. Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds $75,000 excluding interest, costs, and attorney's fees.

### A.     PARTIES

6. Herrera and Gonzalez are both Texas residents who reside in Dallas County, Texas. They are both citizens of the State of Texas.

7. ASI was at the time this lawsuit was filed, and at the date of this Notice remains, an association of underwriters. The individual underwriters are as follows: Tanya J. Fjare, Trevor C. Hillier, Kevin R. Milkey, Gregory E. Stewart, John F. Auer, Jr., Robert K. Munns, Jr., Edwin L. Cortez, Mary F. Bacon, Antonio Scognamiglio, and Philip L. Brubaker. Each of these underwriters is a citizen of the State of Florida. The United States Supreme Court has held that an "unincorporated association's citizenship is determined by the citizenship of each of its partners."[1] Therefore, ASI is not a citizen of the State of Texas.

8. Greene is an Alabama resident. She is not a citizen of the State of Texas.

---

[1] *See NL Industries, Inc. v. OneBeacon America Ins. Co.,* 435 F. Supp. 2d 558, 561 (N.D. Tex. 2006) (citing to *Carden v. Arkoma Assocs.,* 494 U.S. 185, 195-96 (1990)); *see also Massey v. State Farm Lloyds Ins. Co.,* 993 F. Supp. 568, 570 (S.D. Tex. 1998) (recognizing that this has been a consistent view of the United States Supreme Court for over 100 years).

9.  Accordingly, there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiffs and Defendants.

B.  **AMOUNT IN CONTROVERSY**

10. If it is facially apparent that Plaintiff's claims exceed the jurisdictional amount, Defendants' burden is satisfied.[2]

11. In their Original Petition, Plaintiffs seek monetary relief over $200,000.[3]

12. Thus, it is facially apparent that Plaintiffs' claims exceed the jurisdictional minimum of $75,000.01.

13. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper.

### III.  CONCLUSION

14. All filings and information regarding the state court action are attached to this notice as required by 28 U.S.C. § 1446(a) and Local Rule 81.1 as follows:

- Index of Documents Being Filed, attached hereto as ***Exhibit A***
- State Court Docket Sheet, attached hereto as ***Exhibit B***
- Plaintiffs' Original Petition, attached hereto as ***Exhibit C***
- Defendants' Original Answer, attached hereto as ***Exhibit D***
- Certificate of Interested Persons, attached hereto as ***Exhibit E***

15. ASI will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

---

[2]  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[3]  *See* **Exhibit C**, Plaintiff's Original Petition at p.2, ¶5.

16. Therefore, ASI hereby provides notice that this action is duly removed.

Respectfully submitted,

By: _____/s/ Andrew A. Howell_____
  Todd M. Tippett
  State Bar No. 24046977
  TTippett@zelle.com
  Andrew A. Howell
  State Bar No. 24072818
  AHowell@zelle.com

**ZELLE HOFMANN VOELBEL & MASON LLP**
901 Main Street, Suite 4000
Dallas, TX 75202
Telephone:  (214) 742-3000
Facsimile:  (214) 760-8994

**ATTORNEYS FOR DEFENDANTS**

...

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing Notice of Removal has been served on all the following counsel of record by electronic filing pursuant to the Federal Rules of Civil Procedure on this 16th day of September, 2014:

>René M. Sigman
>State Bar No. 24037492
>rmsdocketfile@mostynlaw.com
>**MOSTYN LAW**
>3810 W. Alabama Street
>Houston, Texas 77027
>(713) 714-0000 – phone
>(713) 714-1111 – fax
>
>**ATTORNEY FOR PLAINTIFFS**

*/s/ Andrew A. Howell*
Andrew A. Howell